UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUCHELL CINQUE MAGEE,<br><br>    Plaintiff,<br><br>    vs.<br><br>JACK GARNER, et al.,<br><br>    Defendants. | 1:09-cv-00849-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY (30) DAYS |

Plaintiff, Ruchell Cinque Magee ("plaintiff"), is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint on May 14, 2009. (Doc. 1.)

**I.  SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984),

1

citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## II. SUMMARY OF COMPLAINT

Plaintiff is a state prisoner presently incarcerated at Corcoran State Prison in Corcoran, California. The complaint was filed on May 14, 2009, and names two defendants, Jack Garner and Jim Dowling. Plaintiff challenges the process used by the Parole Board to calculate plaintiff's sentence. Plaintiff requests a jury trial to prove that the Parole Board was rigged to deny plaintiff work-time credits and a release date.

## III. HABEAS CORPUS

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005).

In the complaint, plaintiff clearly challenges his sentence. Plaintiff claims that he was denied a Stanwith hearing as required under 15 CCR §2320-2324, resulting in a change in his sentence from 7-years-to-life to life-in-prison-until-death. He seeks as relief the opportunity to prove and defendants and the Governor rigged the Parole Board to deny plaintiff's work-time credits and release date. Success in this action would necessarily demonstrate the invalidity of confinement or its duration. Therefore, plaintiff's sole federal remedy is a writ of habeas corpus, and the court should dismiss the claim without prejudice.

## IV. CONCLUSION

The court finds that plaintiff's complaint does not contain a claim upon which relief may be granted under section 1983. The court also finds that the deficiencies in the complaint are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Therefore, based on the foregoing analysis, the court HEREBY RECOMMENDS that this action be dismissed, without prejudice, based on plaintiff's failure to state a claim upon which relief may be granted under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 19, 2009**         /s/ **Gary S. Austin**
                                UNITED STATES MAGISTRATE JUDGE